Nicholson, C. J.,
delivered the opinion of the court:
This is a motion to> discharge a supersedeas of an interlocutory decree in one of the chancery courts of Memphis, granted by one of the judges of the supreme court, upon the ground that no transcript of the record is filed with the petition in this court.
The authority is given in secs. 3933 and 4513 [of Code, Shannon’s Code, secs. 5737 and 6348], to a judge of the supreme court in vacation, to grant writs of supersedeas to an interlocutory order or decree, as in cases of final decrees. It is only when one of the judges in vacation is of opinion, upon inspection of the record, that there is error, that he is authorized to grant writs of supersedeas, either in cases of final or interlocutory decrees. He cannot properly base his action simply upon the petition of a party. It is necessary that the record, as well as thei petition, should be filed before the supersedeas is issued.
Upon a motion to discharge such a supersedeas, the court can act alone on the record, and unless the whole record, or so much of it [as] is essential to enable the court to pass *402 upon tbe alleged error is on file, tbe court cannot determine wbetber there is error or not.
In tbe present case tbe petitioner will be allowed to file sucb portions of tbe record as be relies on in support of tbe supersedeas granted, and until sucb portions of tbe record are filed, the motion to discharge tbe supersedeas will be postponed.